UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER R. STACY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 2:21-cv-00342-JPH-DLP |
| | ) |
| WATSON, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus**

Federal prisoner Christopher Stacy has filed a habeas petition under 28 U.S.C. § 2241 challenging his prison disciplinary conviction for possessing weapons under Incident Report No. 2951891. For the reasons that follow, Mr. Stacy's habeas petition is **denied**.

## I. Legal Standard

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005). In a prison disciplinary proceeding, the due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## II. Factual Background

On February 15, 2017, Bureau of Prisons Officer J. Mills found two homemade knives in Mr. Stacy's toilet during a random search of his cell. Dkt. 11-1, p. 21. Mr. Stacy admitted that the knives were his, and he was charged with possession of a weapon in violation of BOP Code 104. *Id.* BOP officials took the following photographs of the knives found in Mr. Stacy's toilet:





*Id.* at 25.

On February 23, 2017, this matter proceeded to a disciplinary hearing. *Id.* at 16-18. Mr. Stacy declined to provide a statement or present evidence. *Id.* The hearing officer reviewed the evidence and found Mr. Stacy guilty. *Id.* In the Discipline Hearing Report, the hearing officer specifically listed Officer Millis' eyewitness account of the shakedown, a supporting memorandum from Senior Officer D. George who also witnessed the shakedown, Mr. Stacy's admission that the knives belonged to him, and the photographs of the knives. *Id.* at 17. A copy of the Discipline Hearing Report was delivered to Mr. Stacy on March 22, 2017. *Id.* at 18.

### III. Discussion

Mr. Stacy's habeas petition raises a single claim for relief: "I was never provided with a copy of the written decision of the disciplinary officer." Dkt. 1, p. 7.

"Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (internal quotation omitted). "Ordinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). But when a case is "particularly straightforward," the hearing officer need "only to set forth the evidentiary basis and reasoning for the decision." *Jemison v. Knight*, 244 F. App'x 39, 42 (7th Cir. 2007).

The Discipline Hearing Report satisfies due process. Mr. Stacy's claim that he did not receive a copy of the Discipline Hearing Report is belied by the record. *See* dkt. 11-1, p. 18 (signature of official who delivered report to Mr. Stacy). Even if this report was not delivered to Mr. Stacy before he filed this action, any error did not prejudice Mr. Stacy and is therefore harmless. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011) (errors in a prison disciplinary proceeding that do not prejudice the prisoner are deemed harmless). The purpose of a written

statement in prison disciplinary proceedings is to "ensure both administrative accountability and meaningful review." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). The Discipline Hearing Report satisfies those purposes. Any belated delivery of the Discipline Hearing Report to Mr. Stacy would not have affected the outcome of Mr. Stacy's disciplinary hearing or prevented him from pleading a due process claim in a collateral habeas proceeding. Indeed, the Discipline Hearing Report has been filed in this case and Mr. Stacy has not filed a reply brief or sought leave to amend his petition to include additional claims. Accordingly, his claim for relief is **denied**.[1]

### IV. Conclusion

Mr. Stacy's habeas petition is **denied**. Final judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 12/19/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER R. STACY
10021-025
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel

---

[1] Because the Court denies Mr. Stacy's claim on the merits, it need not consider the respondent's exhaustion argument. *Cf. Brown v. Watters*, 599 F.3d 602, 609-10 (7th Cir. 2010) (courts may bypass issue of exhaustion and deny petitioner's habeas claim on the merits) (citing *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997)).